ROSENAL ET AL. *v.* AUTO-OWNERS MUTUAL INSURANCE COMPANY ET AL.

(No. 23097—Decided October 23, 1985.)

Court of Common Pleas of Ottawa County.

*Davis & Young, C. Richard McDonald* and *Thomas W. Wright,* for Kenneth H. Rosenal and Central Mut. Ins. Co.

*Cullan J. Uhlinger,* for Buckeye Union Ins. Co.

*Manahan, Pietrykowski & Bamman* and *Cormac B. Delaney,* for Stephen L. Grabke.

*Jones, Schell & Schaefer* and *Stephen A. Schaefer,* for Auto-Owners Mut. Ins. Co.

JAMES J. McMONAGLE, J. This matter came before the court upon the request of plaintiffs, Kenneth H. Rosenal ("Rosenal") and Central Mutual Insurance Company ("Central"), for a declaratory judgment. The court has considered all the briefs submitted, the deposition testimony, and the evidence adduced at the oral hearing.

On December 16, 1982, Rosenal was involved in an accident while driving a 1973 Ford LTD owned by defendant Steven Grabke ("Grabke"). Said vehicle was furnished to Rosenal while his car was being repaired in Grabke's garage. Rosenal signed a document bearing the caption, "Vehicle Rental Agreement," which, however, required no fee or rental charge for the use of the loaner vehicle.

At the time of the accident, the 1973 Ford LTD was a scheduled automobile on an automobile liability policy issued by defendant Auto-Owners Mutual Insurance Company ("Auto-Owners") to Grabke. Similarly, a family automobile policy issued by Central to Rosenal was in effect on December 16, 1982.

The issues to be determined are whether Rosenal is an insured under the Auto-Owners policy and whether the coverage under that policy is primary to the coverage provided under Central's policy.

Demand was made upon Auto-Owners to defend and fully indemnify Rosenal and said demand was refused.

Page one of the Amendatory Endorsements to the Central policy recites with regard to other insurance as follows:

"If this policy and any other policy providing similar insurance apply to the same accident, the maximum limit of liability under all the policies shall be the highest applicable limit of liability under any policy. However, any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insurance."

At the time of the accident, Endorsement No. 19506, entitled "Amendment of Definition of Insured" in the Auto-Owners policy, was in full force and effect. It provides:

"In consideration of the premium at which this policy is written, it is agreed that garage customers are insureds under this policy with respect to the use of automobiles covered by this policy, and the provisions to the contrary in part A of 'Definitions' are hereby deleted."

The definitions section of the Auto-Owners policy describes a garage customer in the following fashion:

*"Garage customer shall mean any person while using an automobile owned, maintained or used in the garage operations of the insured and furnished or loaned to a customer of the garage or to a prospective purchaser,* but shall not include an employee, director, stockholder, partner or member of the named insured or a resident of the same household as the named insured, such employee, director, stockholder, partner or member, or any other person or organization named in the policy as one to whom the named insured furnishes an automobile for regular use and any person while using an automobile furnished to such named person or organization." (Emphasis added.)

It is not disputed that Rosenal was a customer of Grabke's garage and that he was given the use of a car owned by Grabke. Nevertheless, Auto-Owners has denied coverage, relying upon the language of the Rental Exclusion in Endorsement No. 19372. This endorsement was in effect at the pertinent time, and it excluded liability coverage on an insured's automobile:

"While leased or rented to others by the named Insured unless such lease or rental is to a salesman for use principally in the business of the named Insured or unless the automobile is in the custody of the named Insured for pick up, delivery, service or repair in connection with such lease or rental."

Consequently, it is Auto-Owners' position that the 1973 Ford LTD was rented to Rosenal and, therefore, not covered by its policy.

There is no argument that Rosenal signed a document called "Vehicle Rental Agreement." Moreover, it is undisputed that no fee was paid to Grabke nor was any amount added to the repair bill as a rental charge. The term "rent" is not defined in the Auto-Owners policy. In that situation, one must rely upon the meaning of a word in common parlance. The definition of "rent" in the Webster's New Twentieth Century Unabridged Dictionary is:

"a stated return or payment for the temporary possession or use of a house, land, or other property, made, usually at fixed intervals, by the tenant or user to the owner."

The court in *Wells* v. *Allstate Ins. Co.* (D.S.C. 1971), 327 F. Supp. 622, 631, held as follows with regard to rent:

"The term 'rent' implied a commercial transaction for the mutual benefit of the owner and renter whereby the owner receives a valuable consideration for the renting of his automobile. If the sole motive for allowing the use of the automobile by another is the accommodation of the second person and the bailor neither expects nor wishes to realize any monetary gain from the arrangement there is no rental, within the ordinary meaning of that term."

In a fact pattern such as the one at bar, the court should look beyond mere form to the intent of the parties. By way of deposition, Grabke testified that many repair shops have "courtesy" cars available as he did. Moreover, no money changed hands between him and Rosenal. In fact, Grabke testified, "I never lease no cars." However, Grabke's testimony demonstrated that he intended to "profit" from the loaner transactions in terms of inducing customers to choose his repair service over that of his competitors.

This court agrees that some value was realized by Grabke in this transaction. Admittedly, good will is amassed through accommodations such as this; and, good will has worth. However, it is good will accumulated over time and as to many customers. Therefore, it would be an exercise of whimsy and caprice for this court to hold that sufficient and valuable consideration was received by Grabke from Rosenal — thus, creating a rental on that December day in 1982.

Since it is the ruling of the court that

this case is not a rental situation, it is not necessary to reach the issue of whether the rental exclusion prevails over the garage customer endorsement. Suffice to say, it is illogical to apply the rental exclusion when Grabke paid an additional premium specifically to make garage customers insureds under the policy.

Therefore, the court declares the rights of the parties to be as follows:

The situation by which Grabke furnished the 1973 Ford LTD to Rosenal was *not* a rental;

The rental exclusion found in Endorsement No. 19372 to the Auto-Owners policy does not apply;

Auto-Owners' coverage is primary and Central's coverage is excess; and

Auto-Owners shall fully indemnify plaintiffs on the tort claim arising out of the December 16, 1982 accident.

*Judgment accordingly.*

JAMES J. McMONAGLE, J., of the Common Pleas Court of Cuyahoga County, sitting by assignment in Ottawa County.